UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Dominia Jeanette Jackson, | ) | Case No. 22-09417 |
| | ) | |
| Debtor. | ) | Hon. Judge Jacqueline P. Cox |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **Tuesday, September 27, 2022, at 1:00 p.m.**, I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in that judge's place, and present the **Motion of the United States Trustee to Dismiss Chapter 7 Case for Cause and Bar Debtor from Refiling for 180 Days**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 273 2896 and the password is 778135. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ Suhey Ramirez
Suhey Ramirez, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 353-5014

## CERTIFICATE OF SERVICE

        I, Suhey Ramirez, Trial Attorney, certify that on August X, 2022, I caused to be served copies of the **Motion of the United States Trustee to Dismiss Chapter 7 Case for Cause and Bar Debtor from Refiling for 180 Days** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

                                            /s/ *Suhey Ramirez*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice:**

Ariane Holtschlag                                                      aholtschlag@wfactorlaw.com

**Parties Served via First Class Mail:**

Dominia Jeanette Jackson
3021 W. Walnut Street.
Unit # 3
Chicago, IL 60612

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| Dominia Jeanette Jackson, | ) | Case No. 22-09417 |
| | ) | |
| Debtor. | ) | Hon. Judge Jacqueline P. Cox |

**MOTION TO DISMISS CHAPTER 7 CASE FOR CAUSE AND**
**BAR DEBTOR FROM REFILING FOR 180 DAYS**

Patrick S. Layng, the United States Trustee for the Northern District of Illinois ("U.S. Trustee"), by and through his attorney, Suhey Ramirez, hereby requests entry of an order dismissing the above-captioned chapter 7 case for cause and barring Dominia Jeanette Jackson ("Debtor") from filing another bankruptcy case for 180 days (the "Motion"). In support of his request, the U.S. Trustee respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction in this matter under 28 U.S.C. §§ 1334(a) and (b), 157(a) and (b)(1), and 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to Internal Operating Procedure 15(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois. The U.S. Trustee consents to entry of a final order in this matter.

2. Movant is the U.S. Trustee, who is charged with the administrative oversight of the bankruptcy system in this District, pursuant to title 28 of the United States Code, section 586(a). Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the Courts.

3. The U.S. Trustee has standing to be heard on the issues raised in this motion under title 11 of the United States Code, sections 707(a)(3) and 109(g).

3

## BACKGROUND

4. On August 19, 2022, the Debtor filed a *pro se* voluntary petition ("Petition") for relief under Chapter 7 of title 11 of the United States Code, sections 101 *et seq.* ("Bankruptcy Code"), initiating case number 22-09417 ("Present Case"). A true and correct copy of the Petition is attached hereto as *Exhibit A*. Dkt No. 1.

5. Ariane Holtschlag was appointed and is serving as the chapter 7 trustee ("Chapter 7 Trustee"). The initial meeting of creditors is currently scheduled for September 22. 2022. Dkt No. 2.

6. On item 16 of the Petition, the Debtor disclosed that her debts are primarily consumer debts. *Ex. A*, at p. 7.

7. On page three (3) of the Petition, the Debtor indicated that she had not filed for bankruptcy within the last 8 years. *Id*. The Debtor signed the Petition under penalty of perjury, declaring that all information provided was true and correct. *Id.* at p. 7.

8. Contemporaneously with the Petition, the Debtor also filed an Application to Have the Chapter 7 Filing Fee Waived ("Application"). Dkt No. 6. The Debtor again indicated that she did not file for bankruptcy within the last 8 years. *Id*. at pg. 3. A copy of the Application is attached as *Exhibit B*.

9. However, the Debtor has in fact filed for ten (10) bankruptcy cases, including the Present Case, between August 31, 2016, to August 18, 2022 (the "Prior Filings").

10. Each of the Prior Cases were filed *pro se* under Chapter 7 and dismissed due to the Debtor's failure to file required documents, attend the section 341(a) Meetings of Creditors, pay the filing fees, and/ or unreasonable delay, respectively. *See* Dockets generally. The chart below shows the Debtor's Prior Filings and its respective dispositions:

| Date Filed | Case Number | Schedules Filed | Disposition of Case |
|---|---|---|---|
| August 31, 2016 | 16-27978 | No | Dismissed on October 21, 2016, for failure to file required documents. |
| March 06, 2017 | 17-06700 | No | Dismissed on June 8, 2017, for failure to file required documents. |
| December 13, 2017 | 17-36866 | No | Dismissed on January 23, 2018, for failure to file required documents. |
| August 10, 2018 | 18-22544 | No | Dismissed on September 21, 2018, for failure to file required documents. |
| December 17, 2018 | 18-34812 | No | Dismissed on April 2, 2019, for failure to pay filing fee. |
| July 30, 2019 | 19-21277 | Yes | Dismissed on November 15, 2019, for failure to pay filing fee. |
| September 15, 2020 | 20-17109 | Yes | Dismissed on December 10, 2020, for unreasonable delay. |
| April 16, 2021 | 21-05040 | Yes | Dismissed on July 15, 2021, for unreasonable delay and failure to appear at the 341 Meeting. |
| April 21, 2022 | 22-04625 | No | Dismissed on June 2, 2021, for failure to file required documents. |
| August 19, 2022 | 22-09417 | No | Notice of Deficiency sent on August 22, 2022. |

11. As of the date of filing the Motion, the Debtor has not filed schedules, a statement of financial affairs, or her credit counseling certificate in the Present Case (collectively, the "Required Documents").

## ARGUMENT

I. **The Debtor's Present Case Should Be Dismissed under Section 707(a)(3).**

12. Section 707(a)(3) of the Bankruptcy Code states that this Court may dismiss a chapter 7 case upon the U.S. Trustee's motion for cause, including "failure of the debtor in a voluntary case to file, within fifteen days … the information required by paragraph (1) of section 521(a)." 11. U.S.C. § 707(a)(3).

13. Section 521(a) of the Bankruptcy Code requires a debtor to file, *inter alia*, "a list

of creditors … a schedule of assets and liabilities; a schedule of current income and current expenditures; a statement of the debtor's financial affairs … [and] a statement of the amount of monthly net income, itemized to show how the amount is calculated." 11 U.S.C. § 521(a)(1)(A)(B)(i), (ii), (iii), and (v).

14. In the Present Case, the Debtor violated sections 521 (a) of the Bankruptcy Code by failing to file the Required Documents. As of the filing of the Motion, the Debtor has not filed the Required Documents.

15. As such, the U.S. Trustee believes that this failure constitutes cause to dismiss the Present Case under Section 707(a)(3).

16. Based on the foregoing, the U.S. Trustee respectfully requests this Court enter an order dismissing the Present Case and granting any and all other relief as is necessary and just.

## II. Following Dismissal, the Debtor is Barred from Filing Another Bankruptcy Case for 180 Days.

17. An individual may not statutorily be a debtor under the Bankruptcy Code if he failed to prosecute a prior bankruptcy case within the preceding 180 days. *See* 11 U.S.C. § 109(g) (stating that a former debtor under the Bankruptcy Code may not file for bankruptcy relief within 180 days of his prior case's dismissal if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case"). Thus, an individual who fails to prosecute one bankruptcy case is barred from filing a subsequent bankruptcy case in which he is a debtor for 180 days. *See* 11 U.S.C. § 109(g).

18. Further, the 180-day bar of Section 109(g) is self-effectuating. *In re Class A Props.*

*Five, LLC*, 600 B.R. 27, 37 (Bankr. N.D. Ill. 2019) ("There is no reason to order a 180-day bar in an order dismissing a case with prejudice when the conditions in section 109(g) are present. Section 109(g) is self-effectuating.").[1]

19.     Upon dismissal of the Debtor's case, she in ineligible to file another case for a period of 180 days. In addition to her failure to prosecute this case, her prior conduct supports this statutory bar. The Debtor failed to prosecute any of the 10 chapter 7 cases that she filed to date. Furthermore, the Prior Filings were all dismissed due to the Debtor's failure to file required documents, attend the section 341(a) Meetings of Creditors, pay the filing fees, and/ or causing an unreasonable delay.

20.     Based on the foregoing, upon dismissal of the Debtor's case for cause pursuant to section 707(a)(3), the Debtor will be ineligible to file another case for a period of 180 days, pursuant to section 109(g).

WHEREFORE, the U.S. Trustee respectfully requests this Court enter an order:

(i)     dismissing the Present Case for cause under section 707(a)(3);
(ii)    barring the Debtor from filing another bankruptcy case under any chapter for 180 days pursuant to section 109(g); and
(iii)   granting any and all other relief as is necessary and just.

RESPECTFULLY SUBMITTED:
PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: September 7, 2022                By:     /s/ *Suhey Ramirez*

Suhey Ramirez, Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
219 S. Dearborn Street, Room 873
Chicago, IL 60604
(312) 353-5014

---

[1] While the 180-day bar is self-effectuating, it is the U.S. Trustee's understanding that the clerk's office needs an order stating the effectiveness of the bar in order to properly implement same.